

# THE ATTORNEY GENERAL
# OF TEXAS

Get. Mann

XXXXXXXXXXXXXXXXXXXXXXXXXX

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Marvin H. Brown, Jr.
Criminal District Attorney
Fort Worth, Texas

Attention: Hon. Dayton Moses

Opinion No. O-4402

Dear Sir:

Re: The effect of Sections 39 and 42
of House Bill No. 20, 47th Legis-
lature, on the disclosure of re-
ports made by the Department of
Public Safety to prosecuting of-
ficials.

We are in receipt of your letter of February 7, 1942, from which we quote the following portions:

"The office of the Highway Patrol at Fort Worth, acting, they say, under direction of Colonel Homer Garrison, Director of the Department of Public Safety, will not file in this office a copy of their report as to what they did or found from their investigation. I have seen a number of their reports and they draw a diagram of the scene of the accident, which would be very helpful, together with their comment as to what they found out from persons other than the accused, to the District Attorney's Office, when complaints are filed for driving a motor vehicle while intoxicated, failing to render aid, or murder without malice. In fact, if they do not choose to file a complaint, their understanding is that they are forbidden by this Act to disclose to the prosecuting attorney's office anything that they may know about the particular transaction, when information comes to this office that there has been a violation of the law.

"Our construction of this Act is that they only thing that is privileged and confidential is the report of the party made to the Department of Public Safety, not as to the evidence that might or might not show a violation of the law.

"I am sure that Colonel Garrison and his Department are acting in perfectly good faith; but I am also equally sure that they have a misconception of the effect of House Bill No. 20.

"Will you please advise this office at your earliest convenience your construction of the duties of the Department of Public Safety as to notifying the prosecuting officers of such accidents where the offense of drunken driving, failing to render aid, or murder is involved?"

The provisions of House Bill No. 20 of the 47th Legislature, (Article 6687b, Revised Civil Statutes) which are involved in this opinion are Sections 39 and 42. Section 39 reads as follows:

"Accidents to be reported by persons involved: -

"Every person involved in an accident resulting in death, injury, or apparent property damage of Fifty Dollars ($50) or more where one or more motor vehicles are involved and who is the holder of an operator's, commercial operator's, or chauffeur's license, under the provisions of this Act, shall make a report of such accident to the Department of Public Safety within forty-eight (48) hours. Refusal to make such report shall render the holder of such license liable to suspension or revocation of such license. Reports required by this Section shall be deemed privileged communications."

Section 42 provides as follows:

"Accident reports confidential: -

"All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department except that the Department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of such accident, except that the Department shall furnish upon request of any person who has, or claims to have, made such a report or upon demand of any court, a certificate showing that a specified report has or has not been received by the Department, solely to prove a compliance or failure to comply with the requirement that such report be made to the Department."

We believe the intention of the Legislature in enacting the above sections was to prevent any violations of the Constitutional inhibitions against self-incriminations. The Fifth Amendment to the Constitution of the United States and Article 1, Section 10 of the Constitution of Texas, provide, in substance, that in all criminal prosecutions the accused shall not be compelled to give evidence against himself. This rule applies in any kind of case in which one is called as a witness including civil and criminal cases. See 44 Texas Jurisprudence, page 964, et seq., and 12 Texas Law Review, page 20, et seq.

This privilege is discussed in Wigmore on Evidence, Volume 8, page 325, et seq., in which it is said:

"The protection, under all clauses, extends to all manner of proceedings in which testimony is to be taken, whether litigous or not, and whether 'ex parte' or otherwise. It therefore applies in all kinds of courts, and all methods of interrogation before a court, in investigations by a grand jury, and investigations by a Legislature or a body having legislature functions, and in investigations by administrative officials."

This privilege is always personal as is discussed in 44 Texas Jurisprudence, page 966, where it is said:

"The privilege of not answering the questions on the ground that it will incriminate him is the privilege of the witness only; only he may assert the privilege of refusing to testify on that ground."

Privileged communications are always held inviolate, but we do not believe this rule has ever been carried to the extent of saying that information obtained from other sources cannot be divulged by the person obtaining such facts. Thus in discussing the scope of privileged communications between attorney and client, Mr. Wigmore in his work on Evidence, Volume 8, at page 615, et seq., says:

"It is therefore not sufficient for the attorney, in invoking the privilege, to state that the information came somehow to him while acting for his client, nor that it came from some particular third person for the benefit of the client (unless the latter are agents of his client)."

We believe that the intention of the Legislature in establishing the Department of Public Safety as is set forth in Article 4413, Sections 4 and 21 and other sections thereof, indicates that the department is to cooperate with the sheriffs and other local peace officers throughout the State for the purpose of the prevention and discovery of crimes and the apprehension of criminals and the promotion of public safety. Article 4413, Section 4, provides:

"The commission shall formulate plans and policies for the enforcement of the criminal laws and of the traffic and safety laws of the State, the prevention of crime, the detection and apprehension of violators of the laws, and for the education of the citizens of the State in the promotion of public safety and law observance."

Article 4413, Section 21, provides:

"The Director . . . shall formulate and put into effect plans and means of cooperating with the sheriffs and local police and peace officers throughout the State for the purpose of the prevention and discovery of crimes and the apprehension of criminals and the promotion of public safety."

Our interpretation of the above articles and authorities is that the Department of Public Safety is not authorized to disclose any information contained in reports received from the persons involved in the accident described in these statutes, but that they are authorized to notify the prosecuting officers of all other information relating to criminal offenses which they receive from third persons or obtain during the course of their own investigations.

Your request also relates to the authority of the Department to furnish prosecuting officers with a copy of the report made to it by a patrolman in instances involving offenses of drunken driving, failure to stop and render aid, or murder, etc.

Director Garrison advises that the Department of Public Safety does furnish to such officers such facts as are discolsed by the investigation and that its patrolmen are instructed to cooperate with other officers in this respect, but that it is the established policy of the Department not to furnish complete copies of such reports for the reason that they always contain comments by the patrolman making the report which comments are considered confidential.

We can find no legal objection to this established policy of the Department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Alfred F. Herbelin

Alfred F. Heberlin
Assistant

APPROVED APR 8, 1942
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By BWB
Chairman